STATE OF NORTH CAROLINA v. DONALD TYRONE VANDERHALL

No. 7618SC144

(Filed 21 July 1976)

1. **Jury § 2; Criminal Law § 101— remarks in prior case in jury's presence — no prejudice to defendant**

   The trial court did not err in denying defendant's motion to dismiss all jurors and for a special venire to try him because of a colloquy between counsel for another defendant and the trial court concerning that defendant's failure to testify, all of which took place in the trial immediately preceding defendant's and which took place in the jurors' presence, since there was no showing that any juror was adversely affected by the remarks, if any juror in fact heard them, defendant did not request that the judge examine the jurors to determine whether they heard the remarks and, if so, what impression they made, and defendant did not request the trial judge to give a curative instruction to the jurors.

2. **Criminal Law § 35— offense committed by another — competency of evidence**

   In a prosecution for felonious larceny where the evidence tended to show that defendant took four suede coats from Sears, the trial court did not err in refusing to allow defendant's witness to testify that on the day of the alleged larceny two men other than defendant were near the Sears store in possession of three suede coats and tried to sell one to the witness, since, in order to be competent, evidence that the crime was committed by another must point unerringly to the latter's guilt.

3. **Criminal Law § 73— third party's confession to crime — hearsay**

   Ordinarily, testimony of a voluntary confession of a third party that he committed the crime of which defendant is accused is incompetent as hearsay.

APPEAL by defendant from *Albright, Judge.* Judgment entered 24 October 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 May 1976.

Defendant was charged in a bill of indictment, proper in form, with felonious larceny. The State's evidence tends to show that during the lunch hour on 22 October 1974, defendant took four suede coats from the men's department of Sears, Roebuck & Co. at 101 South Wrenn Street, walked out the door, and drove away in an automobile which had its license plate covered with brown paper. The four coats had a value of approximately $235.00. The clerk on duty recognized defendant from having seen him in the store on several occasions.

State v. Vanderhall

Defendant offered evidence which tended to show that after defendant had been arrested, the State's witness said that defendant was not the person who stole the coats.

The jury found defendant guilty of nonfelonious larceny, and he was sentenced to confinement for a term of twenty-four months.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Assistant Public Defender Fred Lind for the defendant.*

BROCK, Chief Judge.

[1] During the process of selecting a jury for the trial of the charge against defendant, a jury in a previously tried case *(State v. Morrison)* came into court and returned a verdict of guilty. Counsel for Morrison made statements to the court in regard to punishment. While the statements of counsel for Morrison were being made, the prospective jurors for this defendant were seated in the courtroom, twelve in the jury box and others in the spectator section. Counsel for Morrison stated to the judge that he had declined to allow his client to testify because of his lengthy criminal record. The trial judge made no remark upon this point, although he did state that he thought counsel for Morrison had adequately and competently represented Morrison.

This appealing defendant (Vanderhall) moved to dismiss all jurors and for a special venire to try him because of the colloquy between counsel for Morrison and the trial judge. Defendant argues that he was prejudiced because he elected not to testify and these jurors assumed that it was because he too had a lengthy criminal record. His argument is not persuasive.

There is no showing that any juror was adversely affected by the remarks, if any juror in fact heard them. Defendant made no request that the judge examine the jurors to determine whether they heard the remarks and, if so, what impression they made; and defendant did not request the trial judge to give a curative instruction to the jurors. There is no showing that defendant questioned the prospective jurors in this regard or otherwise determined that any juror heard and was influenced to the prejudice of this defendant by the remarks. Clearly the trial of a defendant cannot be conducted in a

State v. Vanderhall

vacuum. We must presume that jurors abide by their oaths and that they follow the instructions of the trial court in reaching a verdict. No exception has been taken to the instructions given the jury by the trial court; consequently, the instructions are not included in the record on appeal. We therefore presume that the trial judge fully and correctly instructed the jury upon its duties. This assignment of error is overruled.

[2]  Defendant next argues that the trial judge committed prejudicial error in refusing to allow defendant's witness to testify that on the day of the alleged larceny two men other than defendant were near the Sears, Roebuck & Co. store in possession of three suede coats and tried to sell one to the witness. Such testimony had little probative value. "In order to be competent, evidence that the crime was committed by another must point unerringly to the latter's guilt." 2 Strong, N. C. Index 2d, Criminal Law, § 35. The testimony was properly excluded.

[3]  Defendant also argues that the trial judge committed prejudicial error in refusing to allow defendant's witness to testify that one of the men with the three suede coats later told the witness that defendant (Vanderhall) "had been charged incorrectly." Ordinarily testimony of a voluntary confession of a third party that he committed the crime of which defendant is accused is incompetent as hearsay. *State v. English,* 201 N.C. 295, 159 S.E. 318 (1931). The proffered testimony in the present case was unclear and had little probative value. Even if this statement could be considered an extrajudicial confession by the declarant, it does not rise to the degree of reliability required to support a due process argument. *See Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed. 2d 297 (1973). This assignment of error is overruled.

Defendant's remaining assignments of error are predicated upon those discussed above and are therefore overruled. In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.