STATE OF NORTH CAROLINA v. KERMIT HONEYCUTT

No. 7812SC160

(Filed 20 June 1978)

**Criminal Law §§ 35, 73— declaration against penal interest—exclusion as hearsay**

In a prosecution for felonious assault in which defendant contended that the assault was committed by another, the trial court properly excluded as hearsay testimony by defendant's sister that, when defendant and a stranger came to her home shortly after the assault, she heard the stranger say to defendant, "Honeycutt, I got the son of a bitch, didn't I?" since this State does not recognize a statement against the penal interest of the declarant as a valid exception to the rule excluding hearsay evidence.

APPEAL by defendant from *Graham, Judge.* Judgment entered 20 September 1977 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 2 June 1978.

Defendant was tried on his plea of not guilty to the charge of assault with a deadly weapon with intent to kill inflicting serious injury. The State presented the testimony of the victim of the assault and of two eyewitnesses. The victim testified that about midnight on 15 March 1976 he was standing on the parking lot of a lounge about two to three feet from defendant when he felt someone strike him on the back of the head. He turned and as he did so felt a stabbing sensation under his left eye. He turned back and saw defendant holding a long-bladed knife. Defendant made an upward thrust towards his mid-section, which he felt across his chest. At the same time that he saw defendant with the knife

State v. Honeycutt

striking him across the front, he felt someone striking him in the rear. That was all that he remembered.

One eyewitness testified that there were two men, one of whom was the defendant, standing near the victim at the time of the assault. One of the men had a knife, but she could not swear which one.

The other eyewitness testified that he came to the scene in response to the screams of the first eyewitness. When he arrived he observed the victim bent over in a crouching position and the defendant was "coming up on his chest like that . . . (indicating)." At that time there was no one else there besides the victim and the defendant, although there were other people in the immediate area. He did not observe any knife in defendant's hand, but he did observe some blood about defendant's right hand. The State also presented evidence as to various wounds on the victim's body received as a result of the assault.

Defendant did not testify but presented the testimony of his sister and of her two young daughters. Defendant's sister testified that in the early morning hours of 16 March 1976 defendant and another man, whom she did not know, came to her home. The other man had blood all over his shirt. She gave this man one of her husband's T-shirts, and he changed shirts in her home. After fifteen or twenty minutes he left, and she has not seen him since. She had never seen him before that date and does not know his name.

Defendant's two young nieces each testified that defendant and another person came to their home in the early morning hours of 16 March 1976. They observed blood on the front of the shirt of the other man but saw no blood on the person of the defendant.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. From judgment imposing a prison sentence, defendant appeals.

*Attorney General Edmisten by Associate Attorney Douglas A. Johnston for the State.*

*Blackwell, Thompson, Swaringen, Johnson & Thompson, P.A., by E. Lynn Johnson for defendant appellant.*

PARKER, Judge.

On direct examination of defendant's sister, the principal defense witness, defendant's counsel sought to ask her concerning a statement which she heard the stranger make to her brother while the two men were in her home shortly after the assault. The court sustained the State's objection. Had the witness been permitted to answer, she would have testified that she heard the stranger say to the defendant, "Honeycutt, I got the son of a bitch, didn't I?" The exclusion of this testimony is the subject of defendant's sole assignment of error. We find no error.

The proffered testimony was clearly hearsay, and this State does not recognize a statement against the penal interest of the declarant as a valid exception to the rule excluding hearsay evidence. *State v. Madden*, 292 N.C. 114, 232 S.E. 2d 656 (1977); *State v. English*, 201 N.C. 295, 159 S.E. 318 (1931); *State v. May*, 15 N.C. 328 (1833); *State v. Vanderhall*, 30 N.C. App. 239, 226 S.E. 2d 402 (1976). Although this view has been the subject of much scholarly criticism, *see* 5 Wigmore, Evidence (3rd edition), §§ 1476, 1477; 1 Stansbury's N.C. Evidence (Brandis Rev.), § 147, pp. 495-96; note, 10 N.C. L. Rev. 84 (1931), it is still the view held by the majority of the courts in this country. Annot., 162 A.L.R. 446 (1946). In any event it is so deeply embedded in the case law of this jurisdiction that the decision to depart from it, if such a decision should be made, is more properly the function of our Supreme Court than of the trial courts or of this court. The trial court in this case correctly applied the rule as announced by our Supreme Court to this date.

We note that the record in the present case fails to furnish any substantial basis for argument that exclusion of the hearsay evidence in this case amounted to denial of due process. *See Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed. 2d 297 (1973). In defendant's trial and in the judgment appealed from we find

No error.

Judges HEDRICK and MITCHELL concur.